IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Patrick L. Booker,                          )
                                            )
        Petitioner,                         )    Case No. 8:10-CV-1098-HMH-JDA
                                            )
            v.                              )    **REPORT AND RECOMMENDATION**
                                            )    **OF MAGISTRATE JUDGE**
Warden McKither Bodison,                    )
                                            )
        Respondent.                         )
_____)___

        This matter is before the Court on Respondent's motion for summary judgment.

[Doc. 17.] Petitioner is a state prisoner who seeks relief pursuant to Title 28, United States

Code, Section 2254.  Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to

review post trial petitions for relief and submit findings and recommendations to the District

Court.

        Petitioner filed this Petition for writ of habeas corpus on May 3, 2010.  [Doc. 1.]  On

September 3, 2010, Respondent moved for summary judgment.  [Doc. 17.] On September

23, 2010, Petitioner filed a response in opposition to Respondent's motion for summary

judgment [Doc 21], which Petitioner supplemented on September 30, 2010 [Doc. 23].

        Having carefully considered the parties' submissions and the record in this case, the

Court recommends that Respondent's motion for summary judgment [Doc. 17] be granted

and the Petition be denied.

## BACKGROUND

Petitioner was indicted in October 2002 on four counts of armed robbery and one count each of assault and battery of a high and aggravated nature, carjacking, and possession of a weapon during the commission of a violent crime. [App. 125.][1] In July 2003, Petitioner was indicted for threatening the life of a public official. [*Id.*] Petitioner entered a guilty plea to all charges on November 5, 2003. [*Id.*] At the plea hearing, Petitioner also waived presentment on a charge of assault on a correctional facility employee and pled guilty to that charge. [*Id.*] Petitioner received twenty year sentences for each of the armed robbery charges and the carjacking charge, a ten year sentence for assault and battery of a high and aggravated nature, and five year sentences each for the possession of a weapon charge, threatening the life of a public official charge, and assault on a correctional officer. [App. 55.] All sentences were to run concurrently. [*Id.*] Petitioner did not file a direct appeal. [Doc. 1 at 2.]

Petitioner filed a first application for post-conviction relief ("PCR") on July 1, 2004 and amended his application on July 29, 2004. [App. 65.] Petitioner's grounds for relief were (1) ineffective assistance of plea counsel—specifically, counsel's failure to investigate, conflict of interest, and erroneous advice regarding one of the armed robbery counts; (2) involuntary guilty plea; (3) subject matter jurisdiction; and (4) insufficient arrest warrants. [App. 60, 125–26.] On February 17, 2005, the PCR court held an evidentiary hearing on Petitioner's claims. [App. 72.] Petitioner was represented, but at the hearing,

---

[1] The Appendix can be found at Docket Entry 18-1.

Petitioner decided to proceed pro se. [App. 77–79.] Petitioner's counsel remained at the hearing to consult with him. [*Id.*]

The PCR court denied the application and dismissed with prejudice all allegations on March 17, 2005. [App. 130.] Petitioner filed a notice of appeal of this decision [Doc. 18-2] and perfected the appeal by filing a *Johnson*[2] petition for writ of certiorari with the South Carolina Supreme Court [Doc. 18-3]. The case was transferred to the South Carolina Court of Appeals [Doc. 18-4], which denied Petitioner's petition for writ of certiorari and issued remittitur on September 14, 2007 [Doc. 18-5].

On March 28, 2006, while Petitioner's appeal of his first PCR application was pending, Petitioner filed a second PCR application. [Doc. 18-6.] Petitioner's claims in this application were (1) ineffective assistance of counsel, (2) involuntary guilty plea, (3) due process violation," and (4) "subject matter jurisdiction," and the fact supporting his claims was "'newly discovered evidence' showing and/or proving that a grand jury never convened (to indict me) as alleged." [*Id.* at 3.] On July 6, 2006, the PCR court issued its final order denying Petitioner's application because (1) the appeal of Petitioner's first PCR application was pending, which removed the court's jurisdiction to hear the second application, and (2) Petitioner failed to carry his burden to overcome the one year statute of limitations on PCR applications.[3] [Doc. 18-9.] Petitioner appealed this decision, but on August 22, 2006,

---

[2] In *Johnson v. State*, the South Carolina Supreme Court approved the withdrawal of counsel from meritless PCR appeals, as long as counsel follows the procedures outlined in *Anders v. California*, 386 U.S. 738 (1967). 364 S.E.2d 201 (S.C. 1988) (per curiam). In this case, Petitioner's counsel filed a *Johnson* petition stating Petitioner's arguable claim was to overturn the trial court's oral holding of contempt made in Petitioner's PCR hearing on February 17, 2005. [Doc. 18-3.]

[3] Under South Carolina law, petitioners have one year from the date their judgment becomes final to file a PCR application. S.C. Code Ann. § 17-27-45(A). Petitioner did not appeal his conviction or sentence, so his judgment became final on the date he pled guilty, which was November 5, 2003. [Doc. 18-1 at 3.]

the South Carolina Supreme Court dismissed his appeal because Petitioner failed to provide a written explanation of why the lower court's decision was improper. [Doc. 18-10.]

Petitioner filed a third PCR application on August 1, 2006 for relief from his sentence for contempt.[4] [Doc. 18-12.] Petitioner's grounds for relief were (1) "due process violation" and (2) ineffective assistance of counsel. [Doc. 18-12 at 2.] Petitioner claimed due process was violated because he "was not afforded an opportunity to be heard in defense," and his counsel was ineffective because counsel "failed to file an appeal as requested." [*Id.*] The PCR court denied the PCR application because Petitioner was never sentenced for contempt. [Doc. 18-14 at 5.] Additionally, the court found Petitioner's application was untimely. [*Id.*] Petitioner did not appeal this decision.

Also on August 1, 2006, Petitioner filed a fourth PCR application for relief from one of his armed robbery convictions. [Doc. 18-16.] Petitioner based this application on ineffective assistance of counsel, claiming "[a]ttorney advised me to plea guilty to armed robbery but purported victim never alleged he was robbed." [*Id.* at 2.] This PCR application was also denied; the PCR court issued its final order on January 8, 2007. [Doc. 18-19.] In its conditional order of dismissal, which was adopted in its final order, the court

---

Petitioner alleged that this PCR application was based on newly discovered evidence [Doc. 18-6 at 3], but the PCR court did not address whether subsection (C) of S.C. Code Ann. § 17-27-45 would apply instead of subsection (A) [*see* Doc. 18-9]. Subsection (C) of S.C. Code Ann. § 17-27-45 states that if an applicant contends there is new evidence requiring vacation of the applicant's conviction or sentence, the PCR application must be filed "within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence." The PCR court stated that Petitioner "failed to present any reasons why he could not have raised the current allegations in his previous post-conviction relief application;" therefore, the court would have likely found that if Petitioner had exercised reasonable diligence, he would have discovered the alleged new evidence before he filed his first PCR application.

[4] Judge Few orally held Petitioner in contempt during Petitioner's February 17, 2005 evidentiary hearing for his first PCR application. [Doc. 18-1, App. 122.]

-4-

held the application should be summarily dismissed because Petitioner's appeal of his first

PCR application was still pending in the South Carolina Court of Appeals.  [Doc. 18-18 at

3–4.]  Additionally, the court held that Petitioner's fourth PCR application was untimely and

successive, and Petitioner failed to present cognizable reasons for circumventing the

statute of limitations or why he could not have raised the current allegations in a previous

PCR application.[5]  [*Id.* at 4–5.]  Petitioner appealed this decision, and as the explanation

for why the lower court's decision was improper, Petitioner claimed that he was entitled to

an *Austin*[6] review of his first PCR application.  [Doc. 18-21.]  The South Carolina Supreme

Court dismissed Petitioner's appeal because the appeal of his first PCR application was

still pending, precluding an *Austin* review in his subsequent PCR application, and Petitioner

failed to provide an arguable basis for why the lower court's decision was improper.  [*Id.*]

---

[5] Petitioner did include this claim as part of his first PCR application [ App. 60, 125–26] and addressed this claim at the February 17, 2005 evidentiary hearing for his first PCR application [App. 110–11].

[6] In *Austin v. State*, the South Carolina Supreme Court held that a PCR applicant is entitled to the assistance of counsel for PCR appeals.  409 S.E.2d 395, 396 (S.C. 1991) (per curiam).  If a PCR applicant alleges in a second PCR application that counsel in his first PCR application failed to file an appeal, the applicant's second PCR application has stated a claim for ineffective assistance of counsel.  *Id.*  In *Austin*, the court found the applicant's second PCR application stated a claim of ineffective assistance.  *Id.*  The Court laid out the following steps to evaluate the applicant's claim:

> We therefore remand for an evidentiary hearing on the issue of whether in fact the petitioner requested and was denied an opportunity to seek appellate review. If the circuit court finds this to be true, this Court shall review whether the petitioner was prejudiced by the failure to obtain review of a meritorious issue. In deciding  this question, we shall use an analysis akin to that of *Strickland v. Washington*. If the circuit court finds that the petitioner never in fact sought discretionary review, the petitioner may appeal that finding and we shall review the appeal based on the normal "any evidence" standard.

*Id.* (citation omitted).
    However, in *Alice v. State*, submitted in conjunction with *Austin*, the Court held that "once a PCR applicant obtains a complete adjudication on the merits of his original application, including an appeal, he may not make successive applications based on ineffective assistance of prior PCR counsel."  *Austin*, 409 S.E.2d at 396 n.1 (citing *Alice v. State*, 409 S.E.2d 392 (S.C. 1991)).

Petitioner filed a fifth PCR application on October 31, 2007. [Doc. 18-23.] Petitioner claimed his plea counsel failed to file a notice of appeal on his behalf for his convictions and sentence. [*Id.* at 2.] Petitioner claimed he requested that his plea counsel file an appeal but counsel failed to file a direct appeal. [*Id.* at 3.] On January 7, 2008, the PCR court filed a conditional order of dismissal, dismissing Petitioner's claims as untimely and successive. [Doc. 18-25.] Petitioner submitted a response to the conditional order, and the PCR court vacated its conditional order and set an evidentiary hearing to determine whether Petitioner waived his right to appeal from his guilty plea. [Doc. 18-26.]

On June 6, 2008, Petitioner, now represented by counsel, filed an amended PCR application, submitting additional allegations related to Petitioner's ineffective assistance of counsel claim. [Doc. 18-28.] The additional allegations were as follows:

> 1) Prior to hearing the sentence imposed, Applicant believed that he would receive a ten year sentence as evidenced by the 'check mark' indicating a recommendation on the sentencing sheets relative to 2002-GS-23-09233 (AR) and 2002-GS-23-09237 (AR), despite the fact that 'cheek mark' had been marked out and initialed by the Assistant Solicitor Moyer.

> 2) Applicant is of the belief that Attorney Posey was ineffective for failing to present mitigation evidence and believes that his sentence would have been less severe if he had done so.

> 3) Applicant would not have pled guilty had Attorney Posey advised him of the possibility of a 'mere presence' defense at a jury trial relative to the charges arising from the June 12, 2002 incident.

> 4) Applicant would not have pled guilty had Attorney Posey advised him that it would be possible to challenge the admissibility of statements given by Applicant.

5)    Attorney Posey was ineffective in advising Applicant to plead guilty to 2002-GS-23-9239 knowing that the alleged victim, Demarcus Dendy, had stated that he was not robbed and that Marco Owens, not Applicant, had been the one that hit him.

6)    Attorney Posey was ineffective in failing to challenge the sufficiency of the indictments true-billed on October 29, 2002.

In addition, Mr. Booker's conviction and sentence are in violation of the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, specifically the Due Process Clause requiring that guilty pleas be knowingly, voluntarily, and intelligently entered.

[*Id.* at 1–3.]  The PCR court held a hearing on June 19, 2008, where Respondent moved to dismiss the application. [Doc. 18-29.]  On July 3, 2008, the PCR court issued an order of dismissal with prejudice, dismissing Petitioner's claims as both successive and untimely. [*Id.*] Petitioner appealed this decision, but on August 1, 2008, the South Carolina Supreme Court dismissed the appeal, explaining that Petitioner had again failed to show an arguable basis for asserting the PCR court's ruling was improper. [Doc. 18-31.]

On October 17, 2008, Petitioner filed his sixth and final PCR application, alleging his guilty plea was involuntarily tendered because the trial judge failed to inform him of the mandatory community supervision program ("CSP").[7]  [Doc. 18-33.]  On July 24, 2009, the PCR court issued a conditional order of dismissal, holding Petitioner's claims were successive, untimely, meritless, and not ripe for review. [Doc. 18-35.]  Upon receiving Petitioner's reply and a variety of other motions by Petitioner, the PCR court issued a final

---

[7] CSP is a provision applicable to "no parole offenses."  S.C. Code Ann. § 24-21-560. This provision is applicable to all offenders convicted of "no parole" crimes and requires them to complete up to two years in the program after they are released from prison before they are completely discharged from the criminal justice system.  *Id.*  Failure to successfully complete the program can result in additional incarceration.  *Id.*

order on December 31, 2009, dismissing Petitioner's claims as successive, untimely, meritless, and not ripe for review. [Doc. 18-36.]   The PCR court also noted that under *Jackson v. State*, 562 S.E.2d 475 (S.C. 2002) (per curiam), Petitioner's plea counsel was not required to advise him that he would be required to participate in CSP to complete his sentence. [*Id.* at 3.]

Upon learning of the dismissal of his sixth PCR application, Petitioner filed a notice of appeal and petitioned for "Original Jurisdiction of Supreme Court." [Doc. 18-37.] Petitioner submitted an explanation for the basis of his appeal and petition for original jurisdiction. [Doc. 18-38.]   On February 5, 2010, the South Carolina Supreme Court dismissed Petitioner's appeal of his sixth application, holding Petitioner failed to show there was an arguable basis for asserting the PCR court's determination was improper.  [Doc. 18-39.] On February 17, 2010, the Supreme Court rejected Petitioner's petition for original jurisdiction, stating there was no extraordinary reason to entertain Petitioner's request. [Doc. 18-40.]  In response to the Court's order, Petitioner, on February 24, 2010, filed a petition for rehearing, which the Court denied in a March 17, 2010 order. [Doc. 18-41.] On April 7, 2010, the Court issued a more detailed order addressing Petitioner's request for rehearing but still denying Petitioner's petition. [Doc. 18-42.] Further, the Court prohibited Petitioner from filing any further collateral actions in circuit court challenging his 2003 guilty plea without first obtaining permission from the Court. [*Id.*] The court also remitted Petitioner's application to the lower court on April 7, 2010. [Doc. 18-43.]

Petitioner filed this Petition for writ of habeas corpus on May 3, 2010 pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner asserts two grounds in support of the Petition: (1) involuntary guilty plea and (2) ineffective assistance of counsel. [*Id.* at 5, 7.]  The factual

-8-

basis for Petitioner's claims is that he was not informed that he would be required to participate in CSP to complete his sentence. [*Id.*]  Respondent filed a motion for summary judgment on September 3, 2010 [Doc. 17], which is now ripe for review.

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied

-10-

clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor, 529 U.S. 362,* 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id*.  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

-11-

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  28 U.S.C. § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  Rule 203, SCACR; S.C. Code Ann. § 17-27-10, et seq.; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 266 S.C. 68, 221 S.E.2d 767 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 375 S.C. 407, 653 S.E.2d 266 (S.C. 2007).[8]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

Moreover, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the Supreme Court of South Carolina through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.  If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

---

[8]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  *Bostick*, 589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

-13-

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time.  Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the Supreme Court explains:

> ... [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

-14-

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. Absent a showing of cause and actual prejudice, a federal court is barred from considering the filed claim. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances — where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A

-15-

petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. at 487–89. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### Statute of Limitations

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## DISCUSSION

As an initial matter, the Court notes that Petitioner concedes that his claim of ineffective assistance of counsel is procedurally barred. [Doc. 21 at 4.] Therefore, the Court will consider only Petitioner's involuntary guilty plea claim.

-17-

**Time Bar, Exhaustion, and Procedural Bar**

The parties dispute whether Petitioner's discovery that he must participate in CSP to complete his sentence constitutes newly discovered facts such that the state statute of limitations applicable to PCR applications and the federal statute of limitations applicable to habeas petitions run from the date of discovery of the facts.[9]  Petitioner alleges that he discovered on September 23, 2008 that after his release from prison, he would be placed in CSP to complete his sentence. [Doc. 21.]  Petitioner filed his sixth PCR application on October 17, 2008, claiming his guilty plea was involuntarily tendered because the trial judge failed to inform him of the mandatory CSP; it was the first time he raised this issue. [Doc. 18-33.]  Petitioner contends his discovery constituted "evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence," S.C. Code Ann. § 17-27-45(C), and that he could not have ascertained the facts by an exercise of reasonable diligence before September 23, 2008.  [Doc. 21 at 3.]

Under Petitioner's view, he would have one year from his discovery—one year from September 23, 2008—to file a PCR application asserting a claim based on the newly discovered facts.  S.C. Code Ann. § 17-27-45(C).  Petitioner filed a PCR application asserting this claim on October 17, 2008, so he contends his application was timely.  As a result, the statute of limitations to file a writ of habeas corpus would begin to run on September 23, 2008, *see* 28 U.S.C. § 2244(d)(1)(D), and would be tolled during the pendency of Petitioner's PCR action filed on October 17, 2008, *see* 28 U.S.C. §

---

[9] The PCR court found "the failure to advise of participation in the CSP does not constitute newly-discovered evidence," citing *Hayden v. State*, 299 S.E.2d 854 (S.C. 1983).  [Doc. 18-36 at 3 n.2.]  Further, the PCR court found Petitioner's sixth PCR application was untimely and successive and that Petitioner "had the opportunity to litigate all issues related to his case at the evidentiary hearing for his first PCR application on February 17, 2005."  [*Id.* at 2.]

2244(d)(2). Because the South Carolina Supreme Court filed remittitur in the appeal of Petitioner's sixth PCR application on April 7, 2010, and Petitioner filed his habeas petition on May 3, 2010, Petitioner's habeas petition would not be time barred. Because Petitioner presented his claim to the South Carolina Supreme Court, the claim would be exhausted. Moreover, the claim would not be procedurally barred because Petitioner complied with South Carolina law in filing his PCR application.

Respondent alleges that Petitioner's claim "did not qualify as after-discovered evidence" for the PCR court, so "it is quite possible the State made a factual determination that Petitioner failed to uncover such 'evidence' through due diligence." [Doc. 18 at 19.] As a result, under Respondent's view, the statute of limitations to file a PCR application began to run on November 16, 2003, as did the statute of limitations to file a federal habeas petition, because this was the date on which Petitioner's time to file an appeal expired. Doc. 18 at 17; S.C. Code Ann. § 17-27-45(A); 28 U.S.C. § 2244(d)(1)(A). Respondent views Petitioner's first PCR application as the only properly filed PCR application. Therefore, based on the following, Respondent contends the Petition is time barred and procedurally barred:[10]

> On July 1, 2004, 229 days into Petitioner's one-year statute of limitations period, Petitioner filed an application for PCR[,] tolling the one-year statute of limitations period. On September 14, 2007, following the disposition of Petitioner's PCR appeal, the South Carolina Supreme Court issued the remittitur in Petitioner's case. Accordingly, on September 15, 2007, Petitioner's one-year statute of limitations began running again at day 230. As Petitioner did not file his application for habeas relief until April 27, 2010, Petitioner's federal habeas claim is outside of the limitations period set forth in §

---

[10] Respondent admits Petitioner's claim is exhausted. [Doc. 18 at 13.]

> 2244(d)(1). Specifically, Petitioner's application would be 820
> days[,] or approximately two years and three months[,] late.

[Doc. 18 at 17–18 (citation omitted).]

Consequently, whether Petitioner's claim is time-barred or procedurally-barred turns on whether Petitioner's or Respondent's view is correct. However, the Court need not determine whether Petitioner's claim is time-barred and/or procedurally-barred because even assuming, without deciding, that the Petition is not time-barred nor procedurally-barred, the Court recommends that Respondent's motion for summary judgment be granted and the Petition be denied on the merits of Petitioner's claim, as discussed below.

**Merits of Claim**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). A decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir.2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir.2006)) (stating that "[t]he Supreme Court has not delimited comprehensively the particular consequences that are direct or collateral for purposes of evaluating the voluntariness of a guilty plea"); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008). Therefore, without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Id.*

A defendant's guilty plea must be voluntary to be valid. *Brady v. U.S.*, 397 U.S. 742, 747 (1970). A guilty plea is voluntary if the defendant is "'fully aware of the *direct*

-20-

consequences of his plea.'" *Id.* at 755 (emphasis added) (quoting *Shelton v. U.S.*, 246 F.2d 571, 572 n.2 (5th Cir. 1957)). As the Supreme Court recently recognized, it has "never applied a distinction between direct and collateral consequences to define the scope of constitutionally 'reasonable professional assistance' required under *Strickland*." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1481 (2010) (citation omitted). Moreover, no Supreme Court precedent establishes that parole ineligibility is a direct, rather than collateral, consequence of a guilty plea, *Bustos*, 521 F.3d at 325, and the South Carolina Supreme Court has compared CSP, which applies to non-parole offenses, to parole, *Jackson*, 562 S.E.2d at 475 ("In our view, [CSP] serves essentially the same function for persons convicted of 'no parole offenses' as parole does for other inmates.").

In *Jackson*, the South Carolina Supreme Court held that CSP is a collateral consequence of the sentence imposed. 562 S.E.2d at 475. In this case, the PCR court dismissed as untimely and successive Petitioner's sixth PCR application, which is the PCR application Petitioner asserts is timely. [Doc. 18-36 at 2.] However, the court also noted that under *Jackson*, Petitioner's plea counsel was not required to advise Petitioner he would be required to participate in CSP because CSP is a collateral consequence of Petitioner's guilty plea. [*See id.* at 3.] Without Supreme Court precedent on this issue, this Court cannot find that the court's application of *Jackson* to this case is contrary to clearly

-21-

established federal law.[11]   Therefore, Petitioner cannot obtain relief through a habeas

corpus petition, so this Petition must be denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's

motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

March 29, 2011
Greenville, South Carolina

---

[11] Several opinions of the District of South Carolina also hold that CSP is a collateral consequence of a guilty plea, denying relief to habeas petitioners. *See, e.g.*, *Ferola v. Rushton*, No. 0:07-cv-2020, 2008 WL 2572609, at *2 (D.S.C. Jun. 25, 2008), *certificate of appeal denied by* 304 F. Appx. 174 (4th Cir. 2008) (unpublished opinion); *Anderson v. Riley*, No. 0:07-cv-607, 2008 WL 509062, at *13 n.8 (D.S.C. Feb. 21, 2008); *Nabritt v. Eagleton*, No. 9:05-cv-2926, 2006 WL 1083567, at *10–11 (D.S.C. Apr. 18, 2006); *Simmons v. Taylor*, No. 8:04-cv-23343, 2005 WL 3557233, at *6 (D.S.C. Dec. 1, 2005), *report and recommendations adopted by* 2005 WL 3579042 (D.S.C. Dec. 27, 2005).