IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Patrick L. Booker, #297590,                )
                                           )    C.A. No. 8:10-1098-HMH-JDA
                    Petitioner,            )
                                           )
            vs.                            )    **OPINION AND ORDER**
                                           )
McKither Bodison,                          )
                                           )
                    Respondent.            )

      This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Patrick L. Booker ("Booker"), a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254. Respondent filed a motion for summary judgment. Magistrate Judge Austin recommends granting summary judgment in favor of Respondent. Both parties filed objections to the Report and Recommendation. For the reasons explained below, the court grants Respondent's motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL HISTORY

On November 5, 2003, Booker pleaded guilty in a South Carolina Court of General Sessions to (1) four counts of armed robbery ("Counts I-IV"); (2) one count of assault and battery of a high and aggravated nature ("Count V"); (3) one count of car jacking ("Count VI"); (4) one count of possession of a weapon during the commission of a violent crime ("Count VII"); (5) one count of threatening the life of a public official ("Count VIII"); and (6) one count of assault on a correctional facility employee ("Count IX"). (Resp't Mem. Supp. Summ. J. Ex. 1 (App. at 14-19, 28, 32).) Booker was sentenced to twenty years' imprisonment for Counts I-IV, twenty years' imprisonment for Count V, ten years' imprisonment for Count VI, five years' imprisonment for Count VII, five years' imprisonment for Count VIII, and five years' imprisonment for Count IX, all of which were to be served concurrently. (Id. Ex. 1 (App. at 56-57).) Because Booker pleaded guilty to a "no parole offense" as defined by S.C. Code Ann. § 24-13-100, he was required to complete a community supervision program ("CSP") subsequent to his release from prison before he could fully discharge his state sentence. § 24-21-560.

Booker declined to appeal his conviction or sentence. (Resp't Mem. Supp. Summ. J. Ex. 6 (Initial PCR Application at 2).) From July 1, 2004 to October 17, 2008, however, Booker filed six applications for post-conviction relief ("PCR"). In his final PCR application, the only one relevant to the merits of the instant habeas petition, he contended that (1) his counsel was constitutionally ineffective and (2) his guilty plea was involuntarily tendered because the sentencing court failed to apprise him of the mandatory CSP component of his sentence during his plea colloquy. (Id. Ex. 33 (Final PCR Application at 3).) The PCR court dismissed

2

Booker's application for relief, finding his claims successive, untimely, meritless, and not ripe for judicial review. (Id. Ex. 35 (Conditional Dismissal Order at 5-7) & Id. Ex. 36 (Final Dismissal Order at 2).) Citing precedent from the Supreme Court of South Carolina, the PCR court found that the CSP constituted a collateral consequence of Booker's guilty plea, and therefore, failing to inform him of the CSP did not render the plea constitutionally invalid. (Id. Ex. 36 (Final Dismissal Order at 3).) Booker appealed the dismissal of his sixth PCR application to the Supreme Court of South Carolina. On February 17, 2010, the Supreme Court of South Carolina dismissed his petition. Booker filed a motion for rehearing which the court denied on April 7, 2010.

On May 3, 2010, Booker petitioned this court for a writ of habeas corpus. Booker predicates his claim to habeas relief on the same grounds he asserted in his final PCR application, namely (1) an involuntary guilty plea and (2) ineffective assistance of counsel. In his response to Respondent's motion for summary judgment, Booker conceded that his ineffective assistance of counsel claim is procedurally barred, and therefore, he abandoned the claim. (Pet. Resp. Opp'n Summ. J. 4.) The magistrate judge recommends granting summary judgment in favor of Respondent on Booker's claim based upon an involuntary guilty plea. (Report & Recommendation 20-21.) Both parties timely filed objections to the magistrate judge's Report and Recommendation. This matter is ripe for review.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

### B. § 2254 Standard of Review

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. When a habeas petitioner's constitutional claim has been "adjudicated on the merits" by a state court, a federal court is authorized to grant habeas relief only if the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States." § 2254(d)(1). "A state court's decision is contrary to clearly established federal law if [1] the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or [2] confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (internal quotation marks omitted). A state court's decision constitutes an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case." Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (en banc).

### C. Objections

In her Report and Recommendation, Magistrate Judge Austin found that the Supreme Court has not addressed whether mandatory participation in a community supervision program constitutes a direct rather than collateral consequence of a guilty plea. (Report & Recommendation 21-22.) Consequently, Magistrate Judge Austin reasoned that the court cannot find the state court's adjudication of Booker's constitutional claim as contrary to clearly established Supreme Court precedent, and therefore, she recommended granting summary judgment in favor of Respondent. (Id.)

Booker presents two specific objections to the Report and Recommendation. First, he contests the applicability of § 2254(d)(1)'s deferential standard of review to his claim, arguing that South Carolina courts have not adjudicated his Due Process claim on the merits. (Pet. Objections 4-9.) Booker, therefore, urges the court to review his claim de novo. Second, Booker maintains that even if his claim was adjudicated on the merits in a South Carolina

proceeding, the magistrate judge erred in her application of § 2254(d)(1) because she analyzed the state court's decision under only the "contrary to" clause of § 2254(d)(1) and failed to review the state court's disposition of his claim under an "unreasonable application" analysis. (Id. at 23-26.) In contrast, Respondent objects to the magistrate judge's failure to rule on Respondent's claim that Booker's habeas petition is barred under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because the court concludes that the petition is time-barred, the court grants the Respondent's motion for summary judgment and declines to address the substance of Booker's claim to habeas relief.

Pursuant to the AEDPA, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a petition, however, is tolled during the pendency of a properly filed PCR application. § 2244(d)(2). As an initial matter, the parties

dispute which of § 2244(d)(1)'s subparagraphs governs Booker's petition, and consequently, the date from which the one-year limitations period began to run.

Booker pleaded guilty on November 5, 2003, and the time to seek direct review of his guilty plea or sentence expired on November 16, 2003. See S.C. App. Ct. R. 203(b)(2). Because Booker failed to pursue a direct appeal of his guilty plea or sentence, Respondent suggests that the statute of limitations for Booker's habeas petition began to run on November 16, 2003, pursuant to § 2244(d)(1)(A). (Resp't Mem. Supp. Summ. J. 17.) Booker, however, alleges that he was unaware of the mandatory CSP component of his sentence until September 23, 2008, when he received notification from the South Carolina Department of Corrections that he was required to participate in the CSP for up to two years following his incarceration. (Pet. Resp. Opp'n Mot. Summ. J. Ex. 1 (Pet. Aff. ¶¶ 2-3).) Relying on § 2244(d)(1)(D), Booker contends that September 23, 2008, constitutes "the date on which the factual predicate of the claim or claims presented could have been discovered through due diligence," and therefore, the date from which the one-year statute of limitations should be calculated. (Id. at 3.) The court disagrees.

Subparagraph (D) allows the limitations period to commence "when the factual predicate *could* have been discovered through the exercise of due diligence, not when it was *actually* discovered by a given prisoner." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) (emphasis added). The Fourth Circuit has found that the one-year period to file a petition is triggered under § 2244(d)(1)(D) when the petitioner could have discovered the factual predicate of his claim "through public sources." Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003). The relevant inquiry, therefore, focuses upon "when the prisoner knows (or through diligence could

7

discover) the important facts, not when the prisoner recognizes their legal significance." Owens, 235 F.3d at 359.

At the time Booker was sentenced, South Carolina law required defendants who pled guilty to "no parole offenses" to participate in CSP after being released from prison before a state sentence could be fully discharged. S.C. Code Ann. § 24-21-560(A). During his plea colloquy, the judge explained to Booker that armed robbery and car jacking constitute "violent and most serious offense[s]," and as such, he was ineligible for parole. (Resp't Mem. Supp. Summ. J. Ex. 1 (App. 16-18).) When the judge asked Booker if he understood the consequences of pleading guilty, Booker answered affirmatively. (Id. Ex. 1 (App. 16-18).) Although Booker maintains that he lacked actual knowledge of the CSP requirement prior to September 23, 2008, it is indisputable that such information could have been discovered through public resources because the South Carolina Code of Laws is publicly available, and particularly given that he was apprised of the fact that he was pleading guilty to a no parole offense. Had Booker employed the diligence required under § 2244(d)(1)(D), he *could* have discovered the factual predicate of his claim on November 5, 2003. Based on the foregoing, the court concludes that the limitations period is governed by § 2244(d)(1)(A), and consequently, November 5, 2003, is the date on which the statute of limitations began to run.

Having identified the commencement of the limitations period, the court must next determine the extent to which Booker's six PCR applications tolled the statute of limitations pursuant to § 2244(d)(2). Booker filed his first PCR application on July 1, 2004, 229 days after the start of the limitations period. (Id. Ex. 1 (App. at 60-65).) It is undisputed that Booker's first PCR application was "properly filed," and therefore, tolled the statute of limitations. (Id. at

8

17.) The PCR court denied his application for relief, and Booker appealed to the Supreme Court of South Carolina. The supreme court dismissed Booker's appeal and issued a remittitur disposing of Booker's PCR application on September 14, 2007. (Id. Ex. 5 (Remittitur, generally).) The statute of limitations, therefore, recommenced on September 15, 2007, at day 230. (Resp't Mem. Supp. Summ. J. 18.) Each of Booker's subsequent PCR applications was dismissed as successive and untimely. A PCR application that is dismissed by a state court as untimely is not a "properly filed" application that entitles the petitioner to a tolling of the statute of limitations under § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408, 410 (2005). Consequently, the one-year limitations period for Booker to file his habeas petition expired January 28, 2008.

Although the limitations period is not subject to statutory tolling, Booker's petition may nevertheless be timely if he can demonstrate that he is entitled to equitable tolling of the limitations period. A petitioner is entitled to equitable tolling of § 2254's statute of limitations only upon a showing that (1) he has pursued his rights diligently and (2) some extraordinary circumstance precluded a timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Since his guilty plea in November 2003, Booker has filed six PCR applications in South Carolina courts challenging the validity of his guilty plea and sentence. Booker has failed to articulate the existence of extraordinary circumstances that impeded his ability to file a timely habeas petition in federal court during that time. Booker, therefore, is not entitled to equitable tolling of his claim.

Based on the foregoing, the court concludes that Booker's petition for habeas corpus is time barred under the AEDPA's one-year limitations period.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 17, is granted. It is further

**ORDERED** that Booker's motion to take judicial notice, docket number 31, is denied as moot. It is further

**ORDERED** that a certificate of appealability is denied because Booker has failed to make "a substantial showing of the denial of a constitutional right" or demonstrate that the court's determination that his claims are barred by the statute of limitations is debatable. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 10, 2011

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.