IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Patrick L. Booker, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 8:10-1098-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| McKither Bodison, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Patrick L. Booker's ("Booker") motion for relief from judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure. After careful consideration of the motion and the record in this case, the court denies Booker's motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On November 5, 2003, Booker pled guilty in a South Carolina Court of General Sessions to multiple counts of armed robbery, assault and battery of a high and aggravated nature, car jacking, possession of a weapon during the commission of a violent crime, threatening the life of a public official, assault on a correctional facility employee, and indecent exposure. (Resp't Mem. Supp. Summ J. Ex. 1 (App. at 14-19, 28, 32), ECF No. 18.) He was sentenced to twenty years' imprisonment. (Id. Ex. 1 (App. at 56-57).) Because Booker pled guilty to a "no parole offense," he was required by South Carolina law to participate in a community supervision program ("CSP") subsequent to his release from prison. S.C. Code Ann. § 24-21-560.

After filing six unsuccessful applications for post-conviction relief ("PCR") in state court, Booker filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 27,

1

2010.[1] Booker alleged that his guilty plea was involuntarily tendered because the sentencing judge failed to inform him of the mandatory CSP component of his sentence. (Booker § 2254 Pet. 5, ECF No. 1.) In an order dated May 11, 2011, the court granted Respondent's motion for summary judgment, finding Booker's petition time-barred. On May 20, 2011, Booker filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the court's May 11, 2011 Order.[2] The court found that Booker failed to show a clear error of law, and denied his motion to alter or amend judgment. Booker filed an appeal with the United States Court of Appeals for the Fourth Circuit on July 14, 2011. The Fourth Circuit dismissed Booker's appeal and denied a certificate of appealability. Booker v. Bodison, No. 11-6909, 2011 WL 4867535, at *1 (4th Cir. Oct. 14, 2011) (unpublished). In the instant motion, Booker argues that the court must vacate his underlying state court judgment of conviction under Rule 60(b)(4) of the Federal Rules of Civil Procedure because it is void.

## II. DISCUSSION OF THE LAW

"On motion and just terms, the court may relieve a party . . . from a final judgment, order or proceeding [if] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). The Federal Rules of Civil Procedure, including Rule 60(b), however, only govern civil actions filed in federal district courts. See Fed. R. Civ. P. 1. "[T]he court finds . . . no ground upon which any provision of the *Federal* Rules of Civil Procedure can authorize relief from a *state* court criminal judgment or a *state* court *habeas* judgment." Miller v. Johnson, No. 7:06CV00611, 2010 WL 3783773, at *1 (W.D.Va. Sept. 28, 2010) (unpublished). In his motion, Booker argues that his state court

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] See Id.

criminal judgment should be vacated as void. However, Rule 60(b)(4) does not authorize this relief. Based on the foregoing, Booker's motion seeking to have the court vacate "the underlying judgements [sic] of conviction" pursuant to Rule 60(b)(4) is denied. (Booker Mot. Vacate J. 1, ECF No. 55.)

Therefore, it is

**ORDERED** that Booker's Rule 60(b) motion, docket number 55, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
January 22, 2013

## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.